UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| The Moody Bible Institute of Chicago,<br><br>*Plaintiffs,*<br><br>v.<br><br>Board of Education of the City of Chicago,<br><br>*Defendant.* | No. 25 CV 13500<br><br>Judge Lindsay C. Jenkins |

STATEMENT

The Moody Bible Institute of Chicago filed this action against the Chicago Board of Education (CPS) seeking declaratory and injunctive relief for alleged constitutional and statutory violations. The dispute arises from CPS's "decision to exclude" Moody and Moody students from its student-teaching program. [Dkt. 1.]

Having reviewed the filings on the motion for preliminary injunction, the court takes this opportunity to summarize its understanding of the parties' positions and to alert them to a few issues requiring more fulsome development. [Dkts. 24, 27, 33.]

Federal courts have an "ongoing obligation" to assure themselves of their jurisdiction. *Flynn v. FCA US LLC*, 39 F.4th 946, 953 (7th Cir. 2022). The Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. One dimension of justiciability is ripeness, which "is peculiarly a question of timing." *Wickstrom v. Air Line Pilots Ass'n, Int'l*, 156 F.4th 835, 840 (7th Cir. 2025). Declaratory judgment actions are ripe and otherwise justiciable when the facts alleged, under all the circumstances, show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019).

"A case is not ripe when the parties point only to hypothetical, speculative, or illusory disputes as opposed to actual, concrete conflicts." *Mathis v. Metro. Life Ins. Co.*, 12 F.4th 658, 664 (7th Cir. 2021) (cleaned up).

Relatedly, to establish standing, "a plaintiff must demonstrate (i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). The first element requires a plaintiff's injury be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). By seeking injunctive relief, Moody must

"demonstrate that [it] faces a 'real and immediate' threat of future injury; 'a past injury alone is insufficient.'" *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 833 (7th Cir. 2019). Standing, however, "does not require a plaintiff to prove success on the merits," but rather to demonstrate "a colorable claim to a right that the defendant allegedly infringed." *Krasno v. Mnookin*, 148 F.4th 465, 477 (7th Cir. 2025).

Moody contends that by rejecting an amendment it proposed to CPS's employment provisions, CPS "demanded Moody's surrender" instead of "inviting more discussion." [Dkt. 33 at 10–11]. In an email dated July 16, 2025, CPS stated that it was "unable to modify the non-discrimination language as requested" and that "[a]lthough certain exemptions may exist for religious institutions in their own practices," it would "not be able to proceed with a contract" if Moody "is unable to align" with CPS's non-discrimination policy. [Dkt. 1-9.] On CPS's account, the parties continued to discuss Moody's participation until the latter stopped responding on July 25, 2025, despite having indicated just a days before that the "Moody Legal Team and CPS Legal Team will be continuing discussions on the non-discrimination policy." Indeed, Moody expressed "hope" that the parties would "be able to work together." [Dkt. 27 at 12; Dkt. 26 at 91–92.]

The court would benefit from more fulsome briefing on standing as it relates to whether the alleged injury is "concrete and particularized' … 'actual or imminent,' not conjectural or hypothetical." *Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 877 (7th Cir. 2020). *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An allegation of future injury may suffice if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.") Similarly, the parties have not addressed whether the controversy is ripe for resolution, something that is not at all clear given the state of negotiations. *Cf. Oneida Tribe of Indians v. State of Wisconsin*, 951 F.2d 757, 760 (7th Cir. 1991) (holding that where negotiations of a tribal-state compact were at an impasse because of a disagreement over the term "lotto" as used in the Indian Gaming Regulatory Act, an actual controversy existed for the purposes of declaratory judgment).

In short, the court is unclear whether negotiations stalled or were at an impasse at the start of this litigation. For purposes of assessing injury, timing is also unclear—what components[1] are students in Moody's elementary education program required to complete? By when? And who is responsible for that (Moody, the State Board of Education, some other entity)?

The court will separately set a date for simultaneous briefing.

Enter: 25-cv-12500
Date:   February 5, 2026

_____
Lindsay C. Jenkins

---

[1] For example, student teaching, classroom observation, and background checks.